**IN THE COURT OF APPEALS OF IOWA**

No. 18-1015
Filed March 6, 2019

**THOMAS KOLLBAUM,**
    Plaintiff-Appellee,

**vs.**

**FEYD BLEVINS,**
    Defendant-Appellant.

_____

Appeal from the Iowa District Court for Woodbury County, Jeffrey L. Poulson, Judge.

Mother appeals from a decree establishing custody, visitation, support, and surname. **AFFIRMED AS MODIFIED.**

Kendra M. Olson, Sioux City, for appellant.

Elizabeth A. Rosenbaum, Sioux City, for appellee.

Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**McDONALD, Judge.**

Thomas Kollbaum and Feyd Blevins are the never-married parents of B.A.B., who was born in 2015. In July 2016, Kollbaum filed a petition to establish custody, visitation, and support. In an amended petition filed more than one year after the original petition, Kollbaum also requested a determination of the child's surname. The parties stipulated to the resolution of all issues except the determination of the child's surname. Following trial on that issue, the district decreed the child should have the surname of his father. Blevins timely filed this appeal.

We review surname determinations de novo. *See* Iowa R. App. P. 6.907; *Montgomery v. Wells*, 708 N.W.2d 704, 705 (Iowa Ct. App. 2005). We give weight to the district court's factual findings but are not bound by them. *See Montgomery*, 708 N.W.2d at 706.

"[W]hen the court first entertains an action between the parents to determine their legal rights and relationships with each other and the child, the court may also consider the legitimacy of the child's original naming as part of its determination of the child's legal status and custody. *Id.* When making a determination, "the presumption that a child bear the surname of [a] father is outdated and therefore rejected." *In re Marriage of Gulsvig*, 498 N.W.2d 725, 729 (Iowa 1993). Conversely, a "mother does not have the absolute right to name the child because of custody at birth." *Id.* Where, as here, a parent unilaterally names the child, there is no presumption the given name should hold when challenged by the other parent in an initial determination proceeding. *See id.* "[N]either parent has a

superior right in determining the child's last name," and our primary consideration is the best interest of the child. *See Montgomery*, 708 N.W.2d at 707-08.

Our case law has identified twelve nonexclusive factors to be considered when making an initial surname determination. *See id.* at 708-09. Those factors are:

> (1) Convenience for the child to have the same name as or a different name from the custodial parent.
> (2) Identification of the child as part of a family unit.
> (3) Assurances by the mother that she would not change her name if she married or remarried if the child maintains the mother's surname.
> (4) Avoiding embarrassment, inconvenience, or confusion for the custodial parent or the child.
> (5) The length of time the surname has been used.
> (6) Parental misconduct, such as support or nonsupport or maintaining or failing to maintain contact with the child.
> (7) The degree of community respect associated with the present or changed name.
> (8) A positive or adverse effect a name change may have on the bond between the child and either parent or the parents' families.
> (9) Any delay in requesting or objecting to name change.
> (10) The preference of the child if the child is of sufficient maturity to express a meaningful preference.
> (11) Motivation of the parent seeking the change as an attempt to alienate the child from the other parent.
> (12) And any other factor relevant to the child's best interest.

*Id.* (citations omitted).

On de novo review and upon consideration of the *Montgomery* factors, we disagree with the district court and conclude it is in B.A.B's best interest for him to have the surname Blevins. The following considerations are of particular import. First, it would be convenient for the child to maintain the surname he has had for all of his life. This is particularly true given that the child has been in Blevins's care since birth and that the parties stipulated and agreed Blevins would retain physical care of the child. *See, e.g.*, *Giegerich v. Lahr*, No. 16-0687, 2016 WL 6270083, at

*4 (Iowa Ct. App. Oct. 26, 2016) (finding "it will be most convenient for both the child and the custodial parent for the child's surname" to be that of the custodial parent). We also note Blevins assured the district court she would not change her surname in the future, which would provide the child with continuity going forward.

Also in support of our conclusion is Kollbaum's conduct. Kollbaum delayed his request to change the child's name. Kollbaum largely rejected his parenting duties during the first year of B.A.B.'s life and questioned paternity despite confirmation from a private paternity test. After filing his petition, he further delayed his challenge to B.A.B.'s surname. He only requested a surname determination in an amended petition filed more than a year after the initial petition. Even then, Kollbaum's motivations are suspect. He initially threatened he would have no contact with the child if the child did not bear his surname. At trial, Kollbaum backed away from this position and assured the district court he intended to remain involved in B.A.B.'s life regardless of B.A.B.'s surname despite prior statements indicating otherwise.

Upon application of these facts to the identified factors and consideration of B.A.B.'s best interest, we affirm the decree as modified. The decree is affirmed with respect to paternity, custody, visitation, and support. We modify the decree and order B.A.B. shall have the surname Blevins. We deny Kollbaum's request for attorney's fees.

**AFFIRMED AS MODIFIED.**